UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Lakin et al,

       Plaintiff,

                                   Case No. 26-mc-50445

v.

                                   HON. MARK A. GOLDSMITH

Carlo Wilson,

       Defendant.

---

**Attorney Marc Lakin's Motion to Unseal Documents
Related to Attorney Judith Gracey's Removal as Defense Counsel**

Attorney Marc Lakin represented Defendant Carlo Wilson in his criminal case (Case No. 16-cr-20460), until learned counsel, Jacqueline Walsh, filed a motion to remove Lakin as defense counsel. (Mot., ECF Nos. 214 and 214-1). The Court granted Walsh's motion and removed Lakin. (Order, ECF No. 234).

Attorney Judith Gracey was appointed to represent Defendant Wilson after Lakin was removed. (Appearance, ECF No. 239). However, Gracey's representation of Wilson was terminated on August 31, 2018, without explanation on the public record.

Later, Defendant Wilson filed a grievance against Lakin for his representation in the criminal case. The Michigan Attorney Grievance

Commission filed a motion to unseal the records related to Lakin's removal. (Mot., Case No. 2:24-mc-50463, ECF No. 1). And the Court granted the Commission's motion. (Order, Case No. 16-cv-50460, ECF No. 1831, PageID.20967; and Case No. 24-mc-50463, ECF No. 6).

During the first part of Lakin's Grievance Hearing, attorney Jacqueline Walsh testified that she also sought to remove attorney Gracey from Defendant Wilson's case, in part, because Gracey and Defendant Wilson had a breakdown in communication, and that Judith Gracey did eventually concur with the motion to remove her as Lead Counsel. At the Grievance Hearing, Ms. Walsh claimed that Judith Gracey did not have a good understanding of the depths of Mr. Wilson's cognitive deficits because of her lack of experience understanding cognitive deficits. She described Wilson's cognitive abilities as a 6th grader.

Attorney Lakin is still defending himself in the pending and continued grievance hearing before the Michigan Attorney Discipline Board.

Lakin needs access to the sealed, non-public documents and records about defense counsel Gracey's removal from the criminal case to defend himself against the pending ethics violation allegations made by Wilson. Specifically, attorney Lakin seeks to unseal any motions, responses, exhibits, orders, and transcripts related to Gracey's removal. (Because the documents

are sealed, they cannot be identified with more precision, and it cannot be determined whether or not any redaction would be necessary.)

"The courts have long recognized … a 'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305-306 (6th Cir. 2016) (citation omitted). "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* (citation omitted). "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id.* (citation omitted).

Federal courts have held that embarrassment and a desire for privacy are not compelling reason for sealing documents. See, e.g., *United States v. Foster*, 564 F.3d 852, 854 (7th Cir. 2009) (holding that a witness's or litigant's preference for secrecy is not enough); *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998) ("The mere fact that judicial records may reveal potentially embarrassing information is not in itself sufficient reason to block public access."); *Jackson v. Deen*, No. 12-cv-00139, 2013 U.S. Dist. LEXIS 65814, p. 9 (S.D. Ga. May 8, 2013) ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.") (citation omitted).

Part of Lakin's defense against the grievance is that attorney Walsh sought to remove defense attorneys so that she could control the strategic decisions in Defendant Wilson's case and bill for hours of unnecessary work without another attorney's questioning and oversight—that is, Walsh's claims for removing Lakin and Gracey based on their abilities as defense attorneys were meritless, and her allegations about Lakin and Gracey lacked credibility. Walsh had a method and practice of removing defense attorneys who clashed with her in Wilson's criminal case to advance her motive to churn the file.

Defendant Wilson has commenced a grievance action and has raised the issue of Lakin's misconduct. Lakin is in a position where he cannot fully defend himself without relying on the sealed records related to Gracey's removal and Walsh's testimony at the grievance hearing. "A lawyer may reveal … confidences or secrets necessary to … defend the lawyer … against an accusation of wrongful conduct." Michigan Rules of Professional Ethics 1.6(c)(5).

Attorney Lakin would accept any restrictions the Court orders on the disclosure of the documents related to attorney Gracey's removal.

A copy of this motion was sent to Defendant Wilson, via U.S. mail, as described in the Certificate of Service below.

WHEREFORE, Attorney Marc Lakin moves this Honorable Court to unseal the documents and transcripts related to attorney Judith Gracie's removal as defense counsel.

Respectfully submitted,

/s/ *Marc R. Lakin*
MARC R. LAKIN (P41147)
Lakin Law, PLLC
*Pro Se*
210 S. Old Woodward, Ste. 220
Birmingham, MI 48009-3636
(248) 723-1199
marclakin@mac.com

Dated: May 28, 2026

## Certificate of Service

I certify that on May 28, 2026, I electronically filed the above Motion using the CM/ECF system.

I further certify that on May 28, 2026, I served a copy of this Motion on Defendant Carlo Wilson, Register No. 54819-039, at FCI Lompoc I, 3600 Guard Road, Lompoc, CA 93436, via U.S. mail.

/s/ *Marc R. Lakin*
MARC R. LAKIN (P41147)
*Pro Se*